IN THE UNITED STATES COURT OF APPEALS
                         FOR THE FIFTH CIRCUIT

                         _____

                             No. 99-21050
                          Conference Calendar
                         _____


UNITED STATES OF AMERICA,

                                              Plaintiff-Appellee,

versus

DAVID MARTINEZ-GALVAN, also known as David Galvan-Martinez, also
known as Jose Juan Serna, also known as Cockeye, also known as
David Gomez-Martinez, also known as David Martinez-Gomez, also
known as Juanio Lara, also known as David G Martinez, also known
as David Martinez,

                                              Defendant-Appellant.

                         --------------------
                 Appeal from the United States District Court
                      for the Southern District of Texas
                          USDC No. H-99-CR-246-ALL
                         --------------------
                            April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:*

     David Martinez-Galvan ("Martinez-Galvan") appeals the

51-month sentence imposed following his plea of guilty to a

charge of being found in the United States after deportation, a

violation of 8 U.S.C. § 1326.  He argues that the felony

conviction that resulted in his increased sentence under 8 U.S.C.

§ 1326(b)(2) was an element of the offense that should have been

charged in the indictment.

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Martinez-Galvan acknowledges that his argument is foreclosed by the Supreme Court's decision in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348 (2000).

<u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>.  <u>See</u> <u>Apprendi</u>, 120 S. Ct. at 2362; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>petition for cert. filed</u>, (U.S. Jan. 26, 2001)(No. 00-8299).  Martinez-Galvan's argument is foreclosed. The judgment of the district court is AFFIRMED.